**Matter of the Petition of NORTUNA SHIPPING COMPANY, Owner of THE NORLANDA, for an order directing Isbrandtsen Company, Inc., Charterer of said vessel to Proceed to Arbitration.**

United States District Court
S. D. New York.
July 18, 1955.
On Reargument Sept. 19, 1955.

McNutt & Nash, New York City, for petitioner.

Lord, Day & Lord, New York City, Woodson D. Scott, New York City, of counsel, for respondent.

BICKS, District Judge.

The alleged damage to the tug occurred on January 18, 1949, and the respondent by letter dated August 31, 1949, stated that it had no objection to the petitioner's payment of the tug owner's claim without prejudice to arbitrating the question of ultimate liability as between themselves for such payment. Respondent's letter of August 31, 1949, was in reply to a letter of August 24, 1949, from petitioner's agent stating that it had been decided to submit the dispute to ar-

bitration in accordance with the terms of the charter party and calling upon respondent to name its arbitrator.

It is not controverted that petitioner's settlement with the tug owner was not consummated until September 29, 1950, nor that on March 22, 1955, petitioner nominated its arbitrator and called upon respondent to proceed to arbitration.

 Assuming arguendo, that the letter of August 24, 1949, did not constitute a proper demand upon respondent, the demand of March 22, 1955, under the circumstances in this case, was not untimely. In the intervening period the parties arbitrated disputes arising out of the charter party. Said arbitration proceedings culminated in an award made on September 22, 1952. Respondent intimates that the subject claim may have been submitted in those proceedings but states that it can offer no evidence in support thereof because of circumstances set forth in the affidavits submitted on the instant application. It appears, however, that the respondent has chosen not to avail itself of the opportunity afforded it by petitioner to examine the records of the attorneys who represented petitioner in the 1952 arbitration [1] on this issue. Petitioner's position, which is supported by some evidence, is that the tug-damage claim was held in abeyance pursuant to agreement of the parties and was not submitted in the 1952 arbitration.

Defendant's contention that petitioner intended to waive its tug-damage claim has not been established.

Motion granted. Settle order on notice.

### On Motion for Reargument

Motion for reargument granted and, upon such reargument, the former decision is adhered to.

Respondent finds itself in unfortunate and somewhat unusual circumstances. Its former counsel, claiming that his services have gone uncompensated, has asserted an attorney's lien on respondent's papers in his possession, included among which it is believed are those relating to the matter sub judice. This controversy with former counsel with the concomitant impediment to free access to his files is suggested, vaguely to be sure, as a basis for a finding that they are laden with proof in support of respondent's contentions.

Brushing aside the uncertainties attempted to be generated by respondent, the following emerge as uncontroverted facts: (i) respondent by letter dated August 31, 1949, agreed that petitioner might pay the tug damage claim without prejudice to subsequent arbitration of the question of ultimate liability for such payment inter se; (ii) an arbitration of certain disputes arising out of the charter party was held; (iii) such arbitration proceedings were initiated on or about February 8, 1950, when petitioner nominated its arbitrator and called upon respondent to do likewise; (iv) although an arbitration agreement was drafted sometime in 1950, for reasons not here material, the actual hearings were not commenced until May 22, 1951 and the arbitrators did not make their award until September 1952.

Intermediate the initiation of the proceedings and the rendition of the award therein, and on September 29, 1950, petitioner consummated settlement of the tug damage claim with the tug owner. Respondent, upon the argument of the instant motion, conceded that it had no evidence whatever to support its suggestion that this claim was among those submitted to the arbitrators but that, on the contrary, all available proof clearly indicates otherwise.

 On the issue of waiver, respondent's vice president states that he "does not believe" its former attorney "asked to have the tugboat claim kept separately" as contended by petitioner. The Court is of the view that petitioner did not intend to, nor did it, by proceeding with the previously initiated arbitration of other disputes arising out of the char-

---

1. Present counsel did not represent petitioner in the 1952 arbitration.

ter party, waive its claim for reimbursement of the amount it paid to the tug owner.

Respondent had due notice of the tug damage claim and had agreed in writing to arbitrate the same. For a period of almost three years thereafter the parties were engaged in efforts to resolve other disputes through the arbitration proceedings already referred to. Under all the circumstances, the Court is of the view that the demand of March 22, 1955, to arbitrate the tug damage claim was not untimely.

Settle order on notice.